UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

DAVID ANTHONY SCOTT,

                Plaintiff,

v.

CAYUGA COUNTY CIVIL SERVICE
COMMISSION AND CAYUGA COUNTY
DEPARTMENT OF PLANNING AND ECONOMIC
DEVELOPMENT,

                Defendants.

Civil Action No. 5:24-cv-00802-BKS-MJK

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS'
RULE 12(b)(6) MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

BOND, SCHOENECK & KING, PLLC
*Attorneys for Defendants*
One Lincoln Center
Syracuse, New York 13202
Telephone: 315-218-8000
Fax: 315-218-8100

Of Counsel:
    Adam P. Mastroleo, Esq.
    Gianelle M. Duby, Esq.

21761262.v2-6/4/25

i

**TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ................................................................................................. 1

ARGUMENT .................................................................................................................................. 2

POINT I

    A.  Exhibits XA1 and XB1 Should Not Be Considered by the Court in Opposition to Defendants' Motion ........................................................................................................... 2

    B.  Even if Exhibits XA1 and XB1 Are Considered, They Do Not Save Plaintiff's Claims ............................................................................................................................... 5

CONCLUSION ............................................................................................................................. 6

## **TABLE OF AUTHORITIES**

**Page(s)**

### Cases

*Chen v. Antel Communs., LLC*,
  653 F. App'x. 43 (2d Cir. 2016) ................................................................................ 3

*Faulkner v. Beer*,
  463 F.3d 130 (2d Cir. 2006) ................................................................................. 3, 4

*Madu, Edozie & Madu, P.C. v. SocketWorks Ltd. Nig.*,
  265 F.R.D. 106 (S.D.N.Y. 2010) ............................................................................. 2

*Smith v. Costello*,
  Civ. No. 9:15-CV-401 (BKS/DJS), 2016 U.S. Dist. LEXIS 13660
  (N.D.N.Y. Feb. 3, 2016) .......................................................................................... 3

*Wright v. Ernst & Young LLP*,
  152 F.3d 169 (2d Cir. 1998) .................................................................................... 2

### Statutes

42 U.S.C. § 1983 ............................................................................................................ 1, 6

### Other Authorities

Federal Rule of Civil Procedure 12(b)(6) ....................................................................... 1, 4

Defendants Cayuga County Civil Service Commission (the "Civil Service Commission") and Cayuga County Department of Planning and Economic Development (the "Planning Department") (collectively referred to as the "Defendants"), submit this reply memorandum of law in further support of their motion, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss the Amended Complaint filed by Plaintiff David Anthony Scott ("Plaintiff") in its entirety.

## **PRELIMINARY STATEMENT**

In opposition to Defendants' motion, Plaintiff submitted a document titled "Plaintiff's Amended Filing Under 42 United States Code, Section 1983 and Second Request for a Notice to Proceed" (Dkt. 22).[1] This document is essentially the same as Plaintiff's Amended Complaint (Dkt. 16). As such, Defendants' original Memorandum of Law in support of their Motion to Dismiss (Dkt. 18-1) addresses most, if not all, of the allegations in Plaintiff's most recent filing, and the arguments contained in Defendants' Memorandum of Law will not be repeated in this Reply Memorandum of Law.

The only substantive difference between Plaintiff's Amended Complaint and his most recent filing is the attachment of two new documents, Exhibit XA1 (Dkt. 22-3), and Exhibit XB1 to the new filing (Dkt. 22-4). As discussed in detail below, these documents should not be considered by the Court in deciding Defendants' motion. However, even if they are considered, they are wholly irrelevant to Plaintiff's claims and do not cure any of the deficiencies identified in Defendants' motion. As such, the Amended Complaint must be dismissed with prejudice and without leave to replead.

---

[1] Defendants object to the Court's consideration of this document for the reasons articulated in their May 29, 2025, letter. (Dkt. 23). However, even if considered, Plaintiff's submission does not save his otherwise defective claims.

## ARGUMENT

## POINT I

**A.    Exhibits XA1 and XB1 Should Not Be Considered by the Court in Opposition to Defendants' Motion**

Well-established caselaw demonstrates that Exhibits XA1 and XB1 should not be considered by the Court, for several reasons.

*First*, a plaintiff cannot submit extrinsic documentation in opposition to a motion to dismiss to "shore up a deficient complaint." See *Wright v. Ernst & Young LLP*, 152 F.3d 169, 178 (2d Cir. 1998) (plaintiff could not amend her complaint through submissions in opposition to a motion to dismiss); *Madu, Edozie & Madu, P.C. v. SocketWorks Ltd. Nig.*, 265 F.R.D. 106, 123 (S.D.N.Y. 2010). Indeed, a court can only consider extrinsic evidence submitted in opposition to a motion to dismiss if it is: "(1) attached to the complaint; (2) incorporated into the complaint by reference; or (3) integral to the complaint." *Madu*, 265 F.R.D. at 123.

As explained by the *Madu* Court, "[w]hether a document is attached to a complaint is self evident." *Id*. In addition, "[t]o be incorporated by reference, the complaint must make a clear, definite and substantial reference to the documents." *Id*. Further, "[t]o be integral to a complaint, the plaintiff must have (1) actual notice of the extraneous information and (2) relied upon the documents in framing the complaint." *Id*.

Here, none of these factors are satisfied. There is no question that Exhibits XA1 and XB1 were not attached to the Amended Complaint. In addition, they were neither referenced in, nor integral to the Amended Complaint. In fact, Plaintiff admits in his opposition that these documents were purportedly received on May 16, 2025, which is several months after the Amended Complaint was filed. See Dkt. 22, p. 3. As a result,

2

Plaintiff cannot rely on these newly submitted documents in opposition to Defendants' motion to dismiss, and the Court should not consider them in deciding the motion.

*Second*, even if the newly submitted exhibits were incorporated by reference or integral to the Amended Complaint (they are not), the Court should still not consider these exhibits because there is a dispute regarding their "authenticity or accuracy." *Smith v. Costello*, Civ. No. 9:15-CV-401 (BKS/DJS), 2016 U.S. Dist. LEXIS 13660, at *2 (N.D.N.Y. Feb. 3, 2016) ("even if a document is 'integral' to the complaint it must be clear on the record that no dispute exists regarding the authenticity or accuracy of the document."); *Faulkner v. Beer*, 463 F.3d 130, 134 (2d Cir. 2006) (holding that a court should not consider materials outside the record in deciding a motion to dismiss unless "no dispute exists regarding the authenticity or accuracy of the document."); *Chen v. Antel Communs., LLC*, 653 F. App'x. 43 (2d Cir. 2016).

Here, the authenticity and/or accuracy of these exhibits is certainly not established. Plaintiff claims that Exhibits XA1 and XB1 were received from the New York State Department of Civil Service in response to a Freedom of Information Law ("FOIL") request. *See* Dkt. 22, p. 3. However, the documents do not include any marking or other notation that would indicate they were provided by the New York State Department of Civil Service. The documents are unsigned and have no header, footer or State seal, which would indicate they came from the State. Plaintiff could have easily typed these documents himself and there is no evidence that he did not do so. As such, there is a significant dispute regarding the accuracy and authenticity of Exhibits XA1 and XB1 and the Court should not consider these submissions for this additional reason.

3

*Third*, even if the newly submitted exhibits were integral to the Amended Complaint (they are not), and even if there was no dispute as to their authenticity and accuracy (there is), the Court should not consider them because there is a dispute regarding their relevance. *Faulkner*, 463 F.3d at 134 (holding that a court should not consider a document outside the record in deciding a Rule 12(b)(6) motion unless "there exist[s] no material disputed issues of fact regarding the relevance of the document.").

Exhibits XA1 and XB1, even if accurate and authentic, are irrelevant to Plaintiff's claims. As an initial matter, Exhibit XA1 states that there were 70 exams for a "Planner" title between November 1, 2018 and October 31, 2022. Dkt. 22-3. It then lists several counties, including Onondaga, Wayne, Seneca, Tompkins, Cortland, Genesee and Ulster, and states that "Planner" exams were given a specified number of times in those counties. *Id*. Notably absent from Exhibit XA1 is any reference to Cayuga County, which is the Defendant in this case. Indeed, Exhibit XA1 provides no information regarding when, or if, Cayuga County offered "Planner" exams. Plaintiff argues Exhibit XA1 demonstrates that "Cayuga County willingly withheld holding the Civil Service Examination during the period from November 1, 2018 and November 1, 2022 as part of a pattern-and-practice of discrimination against the Plaintiff." Dkt. 22, p. 4. But the exhibit does not address whether or how many times Cayuga County offered a "Planner" exam during this period. As such, Exhibit XA1 provides no information that would support Plaintiff's conclusory allegations and is therefore irrelevant to Plaintiff's claims.

Exhibit XB1 is also irrelevant to any of Plaintiff's claims. This exhibit also purports to be a FOIL response from the New York State Department of Civil Service and discusses the number of times a "Data Collector" examination was given between November 1,

4

2018 and October 31, 2022. Dkt. 22-4. However, the Amended Complaint does not make any allegation that Cayuga County failed to hire Plaintiff for a "Data Collector" position for any discriminatory or retaliatory reason. In fact, the Amended Complaint exclusively discusses Plaintiff's application for a "Planner" position.

In addition, even if Plaintiff had raised the County's alleged failure to hire him to the "Data Collector" position in 2018 in the Amended Complaint as evidence of discrimination and/or retaliation (he did not), Plaintiff's opposition does not allege why he believes that the County's failure to hire was discriminatory. Rather, Plaintiff acknowledges that he does not even know if the "Data Collector" position was ever filled. *See* Dkt. 22, p. 4. ("For the benefit of the doubt for the Defendants, the Plaintiff will casually assume that the position of Data Collector was filled on or about November 1, 2018."). As such, Plaintiff does not even know who, if anyone, the County hired to that position, and Exhibit XB1 provides no information that would support a claim that Plaintiff was not hired to a "Data Collector" position in 2018.

For all these reasons, Exhibits XA1 and XB1 are irrelevant to Plaintiff's claims and should not be considered by the Court.

### B. **Even if Exhibits XA1 and XB1 Are Considered, They Do Not Save Plaintiff's Claims**

As discussed above, Exhibits XA1 and XB1 should not be considered by the Court in deciding Defendants' motion to dismiss. But even if they are, they do not save Plaintiff's claims.

As an initial matter, these Exhibits have no bearing on whether Plaintiff's claims are timely. Defendants' original Memorandum of Law explains why many of Plaintiff's

5

claims are time barred (Dkt. 18-1, pp. 7 – 15), and Plaintiff's opposition fails to even address this issue.

In addition, as discussed in detail above, Exhibits XA1 and XB1 are irrelevant to the claims asserted in the Amended Complaint. They fail to provide any support for Plaintiff's claim that he was not hired by the County for some discriminatory and/or retaliatory reason. More specifically, these new exhibits fail to address whether the allegations in the Amended Complaint raise an inference of discriminatory intent. *See* Dkt. 18-1, pp. 15 – 18. They also fail to cure any of the deficiencies associated with Plaintiff's claims under Title VI or Section 1983. *Id*., pp. 18 – 23. Finally, these exhibits have no bearing on Plaintiff's retaliation claim. *Id*., pp. 24 – 27.

Accordingly, Plaintiff has failed to provide the Court with any facts or argument that would necessitate denial of Defendants' motion.

## CONCLUSION

Based on the foregoing, as well as for the reasons stated in Defendants' original Memorandum of Law, Defendants respectfully submit that the Amended Complaint should be dismissed in its entirety, with prejudice, without leave to amend.

Dated: June 4, 2025					BOND, SCHOENECK & KING, PLLC

By: _____
Adam P. Mastroleo, Esq.
(Bar Roll No. 514408)
Gianelle M. Duby, Esq.
(Bar Roll No. 703968)
One Lincoln Center
Syracuse, New York 13202
Telephone: (315) 218-8139

        Facsimile: (315) 218-8100
        Email: amastroleo@bsk.com
              gduby@bsk.com

*Attorneys for Defendants*

TO:    David A. Scott
       63 South Street, Apt. 10
       Auburn, New York 13021
       Telephone: (315) 916-7102

*Appearing Pro Se*