**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

DAVID ANTHONY SCOTT,

                             Plaintiff,                5:24-cv-00802 (BKS/MJK)

v.

CAYUGA COUNTY CIVIL SERVICE COMMISSION
and CAYUGA COUNTY DEPARTMENT OF
PLANNING AND ECONOMIC DEVELOPMENT,

                             Defendants.

**Appearances:**
*Plaintiff Pro se:*
David Anthony Scott
Auburn, NY 13021

*For Defendants:*
Adam P. Mastroleo
Gianelle M. Duby
Bond, Schoeneck & King, PLLC
One Lincoln Center
Syracuse, NY 13202

**Hon. Brenda K. Sannes, Chief United States District Judge:**

**MEMORANDUM-DECISION AND ORDER**

## I.    INTRODUCTION

Plaintiff pro se David Anthony Scott brings this action against Defendants Cayuga County Civil Service Commission and Cayuga County Department of Planning and Economic Development arising out of Defendants' failure to hire Plaintiff as a Cayuga County Planner in 2018 and 2023. (Dkt. Nos. 1-2, 16). In the Amended Complaint, Plaintiff asserts violations of Title VI of the Civil Rights Act ("Title VI"), 42 U.S.C. § 2000d et seq., Title VII of the Civil Rights Act ("Title VII"), 42 U.S.C. § 2000e et seq., as well as claims under 42 U.S.C. § 1983.

1

(*See id.*). Presently before the Court is Defendants' motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. (Dkt. No. 18). The motion is fully briefed. (Dkt. Nos. 18-1, 22, 25). For the reasons that follow, Defendants' motion is granted and the Amended Complaint is dismissed.

## II.     BACKGROUND

### A.     Procedural History

In the Original Complaint, Plaintiff asserted violations of, inter alia, Title VII of the Civil Rights Act ("Title VII"), 42 U.S.C. § 2000e et seq., the Age Discrimination in Employment Act, as amended, 29 U.S.C. §§ 621-634 ("ADEA"), the Uniformed Services Employment and Reemployment Act ("USERRA"), 38 U.S.C. § 4301 et seq., and the New York State Human Rights Law, N.Y. Exec. Law § 290 et. seq. ("NYSHRL"). (*See generally* Dkt. No. 1). In a Memorandum-Decision and Order issued on February 12, 2025, ("February Order"), the Court dismissed the Original Complaint but provided leave to amend. (Dkt. No. 15, at 2-28).[1] As relevant here, the Court dismissed Plaintiff's Title VII and ADEA claims as time-barred because Plaintiff failed to file his Original Complaint during the 90-day period following his receipt of a right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC"); Plaintiff alleged that he opened the letter on March 19, 2024, but he did not file the Original Complaint until June 24, 2024—98 days later. (*Id.* at 7-10). The Court also determined that Plaintiff's Title VII and ADEA claims were time-barred with respect to Plaintiff's 2018 application because Plaintiff did not file an EEOC charge within 300 days after he learned he was not hired. (*Id.* at 10-14).

---

[1] The Court incorporates the applicable law in the February Order and presumes familiarity with that Order.

### B.    Amended Complaint

In the February Order, Plaintiff was specifically instructed that in any amended complaint, he "must clearly set forth the facts that give rise to the claims, including the dates, times, and places of the alleged underlying acts." (*Id.* at 29). The Court instructed Plaintiff that any amended complaint would "replace the existing complaint," and that his previous complaint and other filings would "no longer be the operative documents containing his pleadings and exhibits—everything that is essential must be contained in or attached to the Amended Complaint." (*Id.*).

Plaintiff filed an Amended Complaint on March 14, 2025. (Dkt. No. 16). Despite the Court's instructions, the Amended Complaint includes very few of the factual allegations found in the Original Complaint. (*Compare* Dkt. No. 1-1 *with* Dkt. No. 16). Plaintiff has included almost none of the dates or events that were pertinent to the disposition of his Original Complaint, or to Defendants' argument that his claims are time-barred. Plaintiff also did not attach the charge of discrimination he filed with the EEOC or his right-to-sue letter, which were both attached to his Original Complaint. (*See* Dkt. Nos. 1-2; 1-3).

The Amended Complaint, (Dkt. No. 16), is the operative complaint for the purposes of the pending motion to dismiss. *See Brooks v. 1st Precinct Police Dep't*, No. 11-cv-6070, 2014 WL 1875037, at *2, 2014 U.S. Dist. LEXIS 64519, at *7 (E.D.N.Y. May 9, 2014) ("[A]n amended complaint 'ordinarily supersedes the original, and renders it of no legal effect." (quoting *Jean–Laurent v. Wilkerson*, 461 F. App'x 18, 23 (2d Cir. 2012))). The Court will, however, also take judicial notice of public documents or documents of public record, which include Plaintiff's previously filed EEOC Charge and right-to-sue letter. (*See* Dkt. Nos. 1-2, 1-3). *See Canady v. Union 1199/SEIU*, 527 F. Supp. 3d 515, 516 n.1 (W.D.N.Y. 2021) ("The Court

3

may take judicial notice of EEOC documents, including [ ] right-to-sue notices, because they are public records." (citing *Murtha v. New York State Gaming Comm'n*, No. 17-cv-10040, 2019 WL 4450687, at *15, 2019 U.S. Dist. LEXIS 159783, at *43-44 (S.D.N.Y. Sept. 17, 2019))); *Jordan v. Forfeiture Support Assocs.*, 928 F. Supp. 2d 588, 591 n.1 (E.D.N.Y. 2013) ("Because plaintiff's EEOC Charge is 'a public document filed in an administrative proceeding, and is integral to plaintiff's [discrimination] claims, the charge, together with the documents accompanying the charge filed in the EEOC proceeding, are also properly considered on' a motion to dismiss." (citing *Cohn v. KeySpan Corp.,* 713 F.Supp.2d 143, 154 (E.D.N.Y.2010))).

### C.    Facts[2]

Plaintiff identifies as a "Non-Enrolled Native American (Native African American)[.]" (Dkt. No. 16, at 14). In August of 2018, Plaintiff applied for the position of Planner in Cayuga County. (*See* Dkt. Nos. 16, at 2; 16-1, at 1).[3] Plaintiff was not "offered [ ] a New York State Civil Service Examination" for the 2018 Planner position. (Dkt. No. 16, at 1, 12). Plaintiff alleges that he was asked questions that were "prejudiced against [his] race and ethnicity" during Plaintiff's

---

[2] The facts are drawn from the Amended Complaint and attached exhibits, (Dkt. No. 16), and Plaintiffs' responses to Defendants' motions to dismiss, (Dkt. No. 22). *See DeRocha v. Linstruth*, No. 18-cv-1052, 2019 WL 5596252, at *1 n.1, 2019 U.S. Dist. LEXIS 188017, at *3 (N.D.N.Y. Oct. 30, 2019) ("The mandate to read the papers of pro se litigants generously makes it appropriate to consider a plaintiff's papers in opposition to a defendant's motion to dismiss . . . to the extent that those factual assertions are consistent with the allegations of the plaintiff's complaint."). The Court assumes the truth of, and draws reasonable inferences from, the well-pleaded factual allegations, *see Lynch v. City of N.Y.*, 952 F.3d 67, 74–75 (2d Cir. 2020), but does not accept as true any legal conclusions asserted therein, *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
The Court notes that the Amended Complaint is difficult to follow and contains very few facts. Moreover, Plaintiff responded to Defendants' motion with what he titled an "Amended Filing," which—aside from some minor edits and the addition of a conclusion—is largely identical to his Amended Complaint and does not clearly address any of Defendants' arguments. (*Compare* Dkt. No. 16 *with* Dkt. No. 22). In any event, the Court has construed this "Amended Filing" as a response to Defendants' motion to dismiss.
[3] Plaintiff attached a completed Cayuga County Civil Service application for the position of Planner, dated August 15, 2018, to his Amended Complaint. (*See* Dkt. No. 16-1). Plaintiff also attached a Cayuga County Civil Service Application for the position of "Data Collector," signed on October 19, 2018, to the Amended Complaint. (*See* Dkt. No. 16-2). However, the Amended Complaint makes no mention of or reference to this application. In his response to Defendants' motion to dismiss, Plaintiff notes that he "filed a separate application for the position of Data Collector with Cayuga County on October 19, 2018." (Dkt. No. 22, at 4-5). But there is no allegation in the Amended Complaint, or in Plaintiff's response, about the outcome of this application.

interview in October 2018. (Dkt. No. 16, at 7-8). After "rejecting" Plaintiff, "Cayuga County subsequently hired an unqualified White Female City Planner[.]" (*Id.* at 8). Plaintiff alleges that, for "more than 300 days[,]" Defendants "withheld" from him the fact that the County Planner hired in 2018 was hired based on "an *a priori* City Planner Civil Service Examination[.]" (*Id.* at 11).[4]

In 2021, Defendants "hired another Cayuga County Planner during the period of time when the Defendants were easily able to offer the Plaintiff a Provisional Appointment." (Dkt. No. 16, at 13). At some time in 2022, Plaintiff applied again for the Planner position. (*See id.* at 4). Plaintiff was the only "applicant to the 2018 and 2022 Planner Postings in Cayuga County with 2 Masters Degrees (City and Regional Planning and Public Policy and Management), the only applicant to the 2018 and 2022 Planner Postings with 40 years of work experience in all four [ ] sectors of the economy[,] and the only Applicant who was a twice decorated Combat Veteran[.]" (*Id.*).

On July 31, 2023, Plaintiff completed a New York State Division of Human Rights and EEOC Charge of Discrimination based on Cayuga County's failure to hire him for the Planner position in 2018 and 2022. (Dkt. No. 1-2, at 1). On March 18, 2024, the EEOC issued Plaintiff a right-to-sue letter. (Dkt. No. 1-3, at 1). Plaintiff "intended to file a lawsuit against the Defendants" in June of 2024, "but was not sent the proper link to file his United States District Court fees and file [ ] a Title VII lawsuit until weeks later." (Dkt. No. 16, at 10). The Amended Complaint includes what appears to be a response to a June 16, 2024 attempt to request an E-

---

[4] Plaintiff also alleges he discovered "adverse information" on September 7, 2023, although the Amended Complaint does not identify what information Plaintiff discovered. (*Id.* at 2). In the Original Complaint, Plaintiff argued that his Title VII and ADEA claims accrued on September 7, 2023, which is the "earliest date that the County revealed that it advertised for a future Civil Service Examination for County Planner but appointed an unqualified White Female City Planner[.]" (Dkt. No. 11, at 1, 16). In its February Order, the Court explained that Plaintiff's Title VII and ADEA claims accrued on October 31, 2018, which was the date Plaintiff originally alleged he was notified that he was not hired for the position of Planner. (*See* Dkt. No. 15, at 12-13).

filing account with the Northern District of New York. (*Id.*).[5] Plaintiff "then sent this lawsuit to the United States District Court in paper form and it took more than 7 days to travel 20 miles." (*Id.*). Plaintiff's Original Complaint was ultimately stamped as received and filed by the Clerk on June 24, 2024. (*See* Dkt. No. 1, at 1; Dkt. No. 1-7).

## III.    STANDARD OF REVIEW

To survive a motion to dismiss under Rule 12(b)(6) for failure to state a claim, "a complaint must provide 'enough facts to state a claim to relief that is plausible on its face,'" *Mayor & City Council of Balt. v. Citigroup, Inc.*, 709 F.3d 129, 135 (2d Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff must provide factual allegations sufficient "to raise a right to relief above the speculative level." *Id.* (quoting *Twombly*, 550 U.S. at 555). The Court must accept as true all factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *See EEOC v. Port Auth.*, 768 F.3d 247, 253 (2d Cir. 2014) (citing *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007)). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The complaint of a plaintiff proceeding pro se "must be construed liberally with 'special solicitude' and interpreted to raise the strongest claims that it suggests." *Hogan v. Fischer*, 738 F.3d 509, 515 (2d Cir. 2013) (quoting *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011)). "Nonetheless, a pro se complaint must state a plausible claim for relief." *Id.*

---

[5] The comment on the copied transaction reads: "You have requested an E-filing account with the Northern District of New York, however, you have not obtained prior Court approval. You will need to seek approval by filing a motion in your case. Once approved, you will then make the request for an E-filing account through PACER." (*Id.*). The comment notes that "[i]nstructions can be found on the Court's website," with a link.

## IV.    DISCUSSION

Plaintiff asserts violations of Title VI and Title VII, as well as three separate causes of action under 42 U.S.C. § 1983.[6]

### A.    Timeliness of Complaint

#### 1.    Title VII Claims

While the Court originally dismissed Plaintiff's Title VII action as untimely, the Court gave Plaintiff leave to amend so that he could "allege facts supporting equitable tolling[.]" (Dkt. No. 15, at 28-29). Defendants argue that Plaintiff "fails to allege any facts that would justify equitable tolling of any deadlines or statutes of limitations" with respect to his Title VII claims, which the Court previously dismissed as untimely. (Dkt. No. 18-1, at 16). Defendants contend that, in the Amended Complaint, "Plaintiff does not dispute that he received the Notice of Right to Sue letter from the EEOC on March 19, 2024, or that he did not file the Original Complaint until 98 days later on June 24, 2024." (*Id.* at 17). Therefore, Defendants contend that Plaintiff's Title VII claims are time-barred. The Court agrees the claims are time-barred.

Although Plaintiff failed to include the relevant dates in his Amended Complaint, the Court has taken judicial notice of Plaintiff's previously filed EEOC Charge. (*See* Dkt. No. 1-2).[7] The EEOC Charge, Charge No. 525-2023-00944, is signed by Plaintiff and dated July 31, 2023. (*See* Dkt No. 1-2; at 1); *see also Jordan*, 928 F. Supp. 2d at 603-04 (taking judicial notice of

---

[6] The Court does not find that Plaintiff has attempted to re-allege a retaliation claim in his Amended Complaint: the words "retaliate" or "retaliation" do not appear anywhere in either the Amended Complaint or Plaintiff's response to Defendants' motion. (*See* Dkt. Nos. 16, 22). Plaintiff also has not attempted to address the deficiencies in his retaliation claim as identified in the Court's February 2025 Order. (See Dkt. No. 15, at 24-27). Therefore, the Court does not reach Defendants' argument that Plaintiff has failed to state a retaliation claim. (*See* Dkt. No. 18-1, at 33-36).

[7] The Court has not accepted Defendants' analysis, which relies on dates and facts alleged in the Original Complaint, not the Amended Complaint, (*see, e.g.*, Dkt. No. 18-1, at 17 ("Plaintiff does not dispute that he received the Notice of Right to Sue letter from the EEOC on March 19, 2024[.]")),  because an amended complaint "ordinarily supersedes the original, and renders it of no legal effect." *See Brooks*, 2014 WL 1875037, at *2, 2014 U.S. Dist. LEXIS 64519, at *7.

EEOC Charge, filed by the defendants, to determine timeliness of complaint). The Court has also taken judicial notice of Plaintiff's right-to-sue letter, bearing the same charge number and previously filed by Plaintiff, which was issued on March 18, 2024. (*See* Dkt. No. 1-3, at 1); *see also Canady*, 527 F. Supp. 3d at 516 n.1 (taking judicial notice of date on the plaintiff's right-to-sue letter, filed by a defendant, to determine action should be dismissed as untimely).

"[N]ormally it may be assumed, in the absence of challenge, that a notice provided by a government agency has been mailed on the date shown on the notice." *See Sherlock v. Montefiore Med. Ctr.*, 84 F.3d 522, 526 (2d Cir. 1996) (citing *Baldwin Cnty. Welcome Center v. Brown,* 466 U.S. 147, 148 & n. 1 (1984)). In the Second Circuit, "a notice of a right to sue is presumed to have been received by the plaintiff within 'three days after its mailing.'" *Addonizio v. Nuvance Health*, No. 23-cv-1582, 2024 WL 2958795, at *3, 2024 U.S. Dist. LEXIS 103874, at *8 (S.D.N.Y. June 11, 2024) (quoting *Sherlock*, 84 F.3d at 525-26). "Courts in this Circuit are therefore tasked with dismissing claims at the pleading stage based on that presumption." *Id.* "To overcome the presumption, a claimant must 'present[ ] sworn testimony or other admissible evidence from which it could reasonably be inferred either that the notice was mailed later than its typewritten date or that it took longer than three days to reach [them] by mail.'" *Id.* (quoting *Tiberio v. Allergy Asthma Immunology of Rochester*, 664 F.3d 35, 37 (2d Cir. 2011)).

Plaintiff has not asserted, or provided any evidence, that the right-to-sue letter was mailed later than its typewritten issue date, (*see id.*), or that the letter took longer than three days to reach him. Accepting the presumption that the three-day grace period applies and that Plaintiff did not receive the letter until March 22, 2024, Plaintiff needed to file his complaint by June 20, 2024 for his claims to be timely—that is, within 93 days after the issuance of his right-to-sue letter. *See Addonizio*, 2024 WL 2958795, at *4, 2024 U.S. Dist. LEXIS 103874, at *9 (holding

Title VII claim was untimely where EEOC issued notice of right to sue and the plaintiff's counsel did not learn of notice of right to sue until four months later; "even assuming the grace period applied" the plaintiff needed to commence action "no later than [ ] 93 days after issuance of the EEOC's Notice of Right to Sue" in order to be timely). Plaintiff did not file the Original Complaint until June 24, 2024, (*see* Dkt. No. 1), and as such, his complaint was not timely filed.

The ninety-day time limit may also be equitably tolled in certain circumstances. *See Johnson v. AI Tech Specialties Steel Corp.*, 731 F.2d 143, 146 (2d Cir. 1984). However, "[e]quitable tolling is only appropriate in rare and exceptional circumstances in which a party is prevented in some extraordinary way from exercising [their] rights." *Lall v. N.Y. Hous. Auth.*, No. 24-cv-5508, 2024 WL 4954011, at *1, 2024 U.S. Dist. LEXIS 217946, at *2 (S.D.N.Y. Dec. 3, 2024) (quoting *Zerilli-Edelglass v. New York City Transit Auth.*, 333 F.3d 74, 80 (2d Cir. 2003)). "When determining whether equitable tolling is applicable, a district court must consider whether the person seeking application of the equitable tolling doctrine (1) has acted with reasonable diligence during the time period [they] seek[ ] to have tolled, and (2) has proved that the circumstances are so extraordinary that the doctrine should apply." *Id.*, 2024 WL 4954011, at *1, 2024 U.S. Dist. LEXIS 217946, at *2-3 (quoting *Zerilli-Edelglass*, 333 F.3d at 80-81). "The term 'extraordinary' refers not to the uniqueness of a party's circumstances, but rather to the obstacle impeding compliance with a limitations period." *Harper v. Ercole*, 648 F.3d 132, 137 (2d Cir. 2011).

Plaintiff appears to argue that he is entitled to equitable tolling because he was "ready to file" as of June 16, 2024 (before the June 20, 2024 expiration of the ninety-day time limit), when he submitted a request to this Court for an E-filing account, but because he "was not sent the proper link" to E-file his Original Complaint, he had to "send this lawsuit [to the Court] in paper

form and it took more than 7 days to travel 20 miles." (*See* Dkt. No. 16, at 10). But Plaintiff does not explain how he acted with "reasonable diligence" during the nearly three-month period between receipt of his right-to-sue letter and his attempt to E-file on June 16, 2024. *See Lall*, 2024 WL 4954011, at *1, 2024 U.S. Dist. LEXIS 217946, at *3-4 (refusing to apply equitable tolling in Title VII case where the plaintiff "provide[d] no explanation for his failure to file in the nearly ninety days *before* he allegedly spoke with a representative of the EEOC by telephone[,] [o]n the last day permissible for filing"); *Ko v. JP Morgan Chase Bank, N.A.*, 730 F. App'x 62, 64 (2d Cir. 2018) ("One who fails to act diligently cannot invoke equitable principles to excuse [a] lack of diligence." (quoting *Baldwin Cnty. Welcome Ctr.*, 466 U.S. at 151)). Nor does Plaintiff allege any facts demonstrating that the circumstances hindering his ability to file, including the delay in mail service, were "extraordinary." *See Saunders v. Senkowski*, 587 F.3d 543, 550 (2d Cir. 2009) (holding that "ordinary course of the mail does not constitute an 'extraordinary circumstance' for the purposes of equitable tolling"); *Ko*, 730 F. App'x at 64 (upholding district court's decision not to grant equitable tolling to excuse untimely filing following right-to-sue letter; the plaintiff did not demonstrate she "acted diligently during the ninety-day time period" and "alleged delays in mail service" were insufficient to demonstrate extraordinary circumstances).

Plaintiff's allegation that Defendants concealed, "for more than 300 days[,]" the fact that the 2018 hiring was based on an a priori civil service examination fails to support equitable tolling of the 90-day time period. (*See* Dkt. No. 16, at 11-12). Plaintiff does not allege facts showing how Defendants' failure to schedule a civil service examination (or their decision to hire a Planner based on an "a priori" civil service examination) impaired his ability to file a complaint after receipt of his right-to-sue letter. (*See* Dkt. No. 15, at 10). Because Plaintiff does

not describe any extraordinary circumstances beyond his control that prevented him from filing his Original Complaint within the 90-day time period, his Title VII claims must be dismissed as time-barred. *See Johnson*, 731 F.2d at 146 ("While the 90-day rule is not a jurisdictional predicate, in the absence of a recognized equitable consideration, the court cannot extend the limitations period by even one day." (internal quotation marks omitted)). [8]

### 2.    Title VI and Section 1983 Claims

Defendants also argue that Plaintiff's new causes of action under Title VI and Section 1983 are time-barred. Defendants contend that "Plaintiff's claims relating to his 2018 employment application accrued[,] at the latest, in November 2018." (Dkt. No. 18-1, at 24). However, Defendants do not cite to any allegation in the Amended Complaint to support this assertion, and the Court has found none. Because the Amended Complaint is largely devoid of dates and factual allegations, it does not, "on its face," clearly show it is out of time with respect to Plaintiff's Title VI and Section 1983 claims. *See Boles v. Eastman Kodak Co.*, No. 14-cv-6243, 2015 WL 213248, at *1, 2015 U.S. Dist. LEXIS 4388, at *2 (W.D.N.Y. Jan. 14, 2015) (noting that courts may "dismiss a case on statute of limitations grounds if a complaint, on its face, 'clearly shows the claim is out of time'" (quoting *Harris v. N.Y.C.*, 186 F.3d 243, 250 (2d Cir. 1999))). As such, the Court will not dismiss Plaintiff's Title VI and Section 1983 claims on statute of limitations grounds.

---

[8] Because the Court dismisses Plaintiff's Title VII claims as untimely with respect to the 90-day filing period, the Court does not reach Defendants' argument that Plaintiff's claims based on his 2018 application were also untimely because he failed to file an EEOC charge within 300 days of learning he was not hired. (*Id.* at 20-21). The Court also does not reach Defendants' argument that Plaintiff's Title VII claims fail on the merits. (*See id.* at 24-37).

### B.    Failure to State a Claim

#### 1.    Title VI

"Title VI prohibits intentional discrimination based on race in any program that receives federal funding." *Verdi v. City of New York*, 306 F. Supp. 3d 532, 542 (S.D.N.Y. 2018) (quoting *DT v. Somers Cent. Sch. Dist.*, 348 F. App'x 697, 699 (2d Cir. 2009)). "Section 2000d–3 of Title 42, United States Code, provides: 'Nothing contained in [Title VI] shall be construed to authorize action under [Title VI] by any department or agency with respect to any employment practice of any employer . . . except where a primary objective of the Federal financial assistance is to provide employment.'" *Id.* at 544. As such, "[i]n the Title VI employment discrimination context, courts have construed Section 2000d-3 as imposing 'a threshold requirement . . . that the employer be the recipient of federal funds aimed primarily at providing employment.'" *Dobroff v. Hempstead Union Free Sch. Dist.*, No. 21-cv-1567, 2022 WL 4641128, at *5, 2022 U.S. Dist. LEXIS 180000, at *10 (E.D.N.Y. Sept. 30, 2022) (quoting *Ass'n Against Discrimination in Employment, Inc. v. City of Bridgeport*, 647 F.2d 256, 276 (2d Cir. 1981)).

Defendants argue that Plaintiff's Title VI claim fails because Plaintiff does not "mention, let alone identify, any federal funding received by Defendants that is plausibly alleged to have had the primary objective of providing employment." (Dkt. No. 18-1, at 28). The Court agrees. Nowhere in the Amended Complaint does Plaintiff allege that Defendants are the recipients of any federal funds, let alone federal funds aimed primarily at providing employment. Therefore, Plaintiff's Title VI claim must be dismissed. *See Sherman v. Yonkers Pub. Sch.*, No. 21-cv-7317, 2023 WL 137775, at *7, 2023 U.S. Dist. LEXIS 3802, at *21 (S.D.N.Y. Jan. 9, 2023) (dismissing Title VI claim where the plaintiff did not allege, "even in conclusory fashion (which

in any event would not suffice), that the federal funds received by [the defendant] were primarily intended to provide employment").

### 2.    Section 1983

Defendants assert that Plaintiff's Section 1983 claims must fail because Plaintiff "has not sufficiently pled that the County maintained *any* policy or custom which deprived him of equal protection under the law." (Dkt. No. 18-1, at 31). "It is well established that 'under § 1983, local governments are responsible only for 'their own illegal acts.'" *Outlaw v. City of Hartford*, 884 F.3d 351, 372 (2d Cir. 2018) (quoting *Connick v. Thompson*, 563 U.S. 51, 60 (2011)). Local governments "are not vicariously liable under § 1983 for their employees' actions." *Id.* (quoting *Connick*, 563 U.S. at 60). Municipal liability is limited under Section 1983 by *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). In *Monell*, the Supreme Court found that municipal liability existed "where that organization's failure to train, or the policies or customs that it has sanctioned, led to an independent constitutional violation." *Segal v. City of New York*, 459 F.3d 207, 219 (2d Cir. 2006).

Thus, "[t]o establish liability under *Monell*, a plaintiff must show that [they] suffered the denial of a constitutional right that was caused by an official municipal policy or custom." *Bellamy v. City of New York*, 914 F.3d 727, 756 (2d Cir. 2019). *See also Missel v. Cnty. of Monroe*, 351 Fed. App'x 543, 545 (2d Cir. 2009) (noting that, to successfully state a claim for *Monell* liability, a plaintiff must "make factual allegations that support a plausible inference that the [alleged] constitutional violation took place pursuant either to a formal course of action officially promulgated by the municipality's governing authority or the act of a person with policy making authority for the municipality" (citation omitted)). "Normally, 'a custom or policy cannot be shown by pointing to a single instance of unconstitutional conduct by a mere employee

of the [municipality].'" *Triano v. Town of Harrison*, 895 F. Supp. 2d 526, 532 (S.D.N.Y. 2012) (quoting *Newton v. City of New York*, 566 F. Supp. 2d 256, 271 (S.D.N.Y. 2008)).

 Plaintiff alleges that the Defendants' actions constitute racial discrimination, gender discrimination, and "color discrimination[.]" (Dkt. No. 16, at 9).[9] But Plaintiff does not allege any facts from which the Court could plausibly infer that there was any official Cayuga County policy or custom, much less a policy or custom that resulted in a constitutional violation. Plaintiff's allegation that Defendants violated Plaintiff's civil rights "[b]y consciously depriving the Plaintiff" of unspecified "contractual rights under New York State Civil Service Law," (Dkt. No. 16 at 2), fails to state a violation of the Constitution or federal law as required under § 1983. *See*, *e.g., Foster v. McCabe*, 727 F.Supp.3d 407, 415 (W.D.N.Y. 2024) ("Section 1983 [ ] creates a cause of action to enforce *federal rights* created elsewhere, such as a federal constitutional right." (emphasis added)); *Health and Hosp. Corp. of Marion Cnty. v. Talevski*, 599 U.S. 166, 180 (2023) (noting that to be an enforceable law under 1983, the "statutory provisions must *unambiguously* confer individual federal rights") Therefore, Defendants' motion to dismiss is granted with respect to Plaintiff's Section 1983 claims.

## V. CONCLUSION

 For these reasons, it is hereby

 **ORDERED** that Defendants' motion to dismiss (Dkt. No. 18) is **GRANTED**; and it is further

---

[9] Plaintiff also asserts, without elaboration, that Defendants' actions constitute age discrimination, military discrimination and minority veteran discrimination. (Dkt. No. 16, at 9). There are, however, no new facts regarding any such claims in the Amended Complaint. To the extent Plaintiff is seeking to raise those claims in the Amended Complaint, they are dismissed for the reasons set forth in the Court's February 2025 Order.

**ORDERED** that the Amended Complaint (Dkt. No. 16) is **DISMISSED**; and it is further

**ORDERED** that the Clerk is directed to enter judgment accordingly and close this case.

**IT IS SO ORDERED.**

Dated: <u>October 24, 2025</u>
      Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge